UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STUBBORN MULE LLC, an Oregon limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>GREY GHOST PRECISION, LLC, an Idaho limited liability company; and GREY GHOST PRECISION, LLC, a Washington limited liability company,<br><br>    Defendants. | Case No. 2:22-cv-00399-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |
| GREY GHOST PRECISION, LLC, an Idaho limited liability company; and GREY GHOST PRECISION, a Washington limited liability company,<br><br>    Counterclaimants,<br><br>v.<br><br>STUBBORN MULE LLC, an Oregon limited liability company,<br><br>    Counter-Defendant. | |

## I. INTRODUCTION

There are four motions filed by the parties. The primary motion is Defendant's Motion to Discharge Writ of Attachment, which is not addressed in this Decision. The other three motions are addressed herein. They are: Defendants Grey Ghost Precision, LLC et al.'s Defendants' Ex Parte Motion to Shorten Briefing Schedule on Motion to Release Defendants' Funds from Court Registry (Dkt. 58); Defendants' Motion to Release

Defendants' Funds from Court Registry (Dkt. 59); and Plaintiff Stubborn Mule LLC's Motion for Extension of Time to Respond to Defendants' Motion to Discharge Writ of Attachment (Dkt. 61). All three of these motions tie into the Motion to Discharge.

Having reviewed the record and briefs, the Court finds that the facts and legal argument are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the Court will decide the three Motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, Defendants' Ex Parte Motion to Shorten Briefing Schedule on Motion to Release Defendants' Funds from Court Registry is DENIED, Defendants' Motion to Release Defendants' Funds from Court Registry is HELD IN ABEYANCE, and Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Discharge Writ of Attachment is GRANTED. Stubborn Mule shall respond to Defendants' Motion to Discharge Writ of Attachment, for Attorney's Fees, Costs and Additional Sanctions by August 21, 2023.

## II. BACKGROUND

As explained previously in the Court's decision on Defendants' Motion to Stay (Dkt. 31), the current dispute between Plaintiff Stubborn Mule (hereinafter "Mule") and Defendants Grey Ghost Precision, LLC and Grey Ghost Precision (collectively referred to hereinafter as "Ghost"), arises from a contract entered into by the parties sometime in 2020. After denying the Motion to Stay, the Court held a show cause hearing on January 17, 2023, regarding Mule's then-pending Application for Prejudgment Writ of Attachment.

MEMORANDUM DECISION AND ORDER - 2

Dkt. 47. During the hearing, the parties reached an agreement regarding how to proceed with the Writ. *Id*. Specifically, the parties agreed that: (1) the Writ of Attachment would be granted; (2) Mule would post an undertaking of $100,000 to support the Writ; and (3) Ghost would then stay the Writ by posting an undertaking of $391,570.05. *Id*. On January 27, 2023, the Court entered an order consistent with these terms. Dkt. 48. Thereafter, the Court received checks for the ordered amounts from Mule and Ghost on April 27, 2023, and May 23, 2023, respectively.

On July 19, 2023, Ghost filed a Motion to Discharge Writ of Attachment, for Attorney's Fees, Costs and Additional Sanctions (hereinafter "Discharge Motion"). Dkt. 57. Each of the Motions addressed in this decision relate to Ghost's Discharge Motion. As explained below, the Discharge Motion has not been fully briefed and is not ripe for a decision.

On August 8, 2023, Ghost filed a Motion to Release Defendants' Funds from Court Registry (hereinafter "Funds Motion") (Dkt. 59)[1] and an Ex Parte Motion to Shorten Briefing Schedule on Motion to Release Defendants' Funds from Court Registry (hereinafter "Motion to Expedite"). Dkt. 58.

On the same day, Mule filed a Motion for Extension of Time to Respond to Defendants' Motion to Discharge Writ of Attachment, for Attorney's Fees, Costs and Additional Sanctions (hereinafter "Extension Motion"). Dkt. 61.

---

[1] The Funds Motion and Discharge Motion rely on similar legal authority and facts. The distinction between the two is the specific relief requested: the Funds Motion seeks release of the funds held by the Court, while the Discharge Motion seeks discharge of the Writ of Attachment.

MEMORANDUM DECISION AND ORDER - 3

### III. LEGAL STANDARD

"Federal courts have inherent power to control the disposition of the causes on their dockets with economy of time and effort for themselves, for counsel, and for litigants." *Sarkar v. Garland*, 39 F.4th 611, 617 (9th Cir. 2022) (cleaned up). In addition, "district judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). Further, the "[Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### IV. ANALYSIS

**A. Motion to Expedite (Dkt. 58)**

Ghost has failed to provide sufficient good cause to grant the Motion to Expedite the briefing on the Funds Motion. In support of this motion to expedite, Ghost relies on the substantive facts and allegations it outlines in the Discharge Motion. The Court cannot make an appropriate ruling on the Funds Motion without first ensuring Mule has had adequate time to respond to the serious allegations Ghost raises in the Discharge Motion. In addition, expediting the briefing on the Funds Motion would be a major strain on the Court and the parties, and, as such, would not promote the "just" resolution of the motions. Fed. R. Civ. P. 1. Moreover, given that the Court has already held a hearing on, and *the parties themselves agreed to* the terms of the Writ of Attachment Ghost now seeks to discharge, the inexpensive and speedy resolution of the proceedings have both already been compromised. *Id*. The Court declines Ghost's invitation to potentially increase motion

practice and future rulings on the issue of the Writ of Attachment by needlessly hastening its decision on the Funds Motion.

Thus, based on the Court's inherit authority to manage its own docket, the Motion to Expedite is denied.

### B. Funds Motion (Dkt. 59)

This motion is ultimately tied to the substantive facts and allegations in the Discharge Motion, which, as noted, has not been fully briefed by the parties. The Court would find it unproductive—and potentially harmful—to grant the Funds Motion before the Discharge Motion is even ripe, let alone decided.

Thus, the Funds Motion will be held in abeyance until the Court rules on the Discharge Motion.

### C. Extension Motion (Dkt. 61)

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), a party may seek an extension of time to submit a responsive pleading if good cause exists, so long as the request is submitted prior to the expiration of the original time.

In support of the Extension Motion, Mule states:

> Defendants' Discharge Motion raises several significant issues, including whether the deposition testimony of Sterling Becklin establishes that Stubborn Mule's request for a prejudgment writ of attachment was wrongfully granted, whether the order granting Stubborn Mule's writ of attachment should be discharged, whether Grey Ghost Precision should be awarded monetary sanctions for the time it spent opposing Stubborn Mule's application for a writ of prejudgment attachment, and whether the Court should issue terminating sanctions against Stubborn Mule.

Dkt. 61, ¶ 6. Mule also notes its counsel has spent more than twelve hours attempting to

MEMORANDUM DECISION AND ORDER - 5

negotiate a mutually agreeable resolution of the Discharge Motion. *Id.*, ¶ 10. Because such negotiations were ultimately unsuccessful, Mule explains it needs a brief extension to finalize its response to the Discharge Motion, to potentially amend its Complaint, and to seek other appropriate relief. Further, Mule highlights the allegations in the Discharge Motion are significant and the material attached to the Discharge Motion is lengthy.[2]

Given the significance of the allegations in the Discharge Motion and the efforts by Mule to reach a stipulation, the Court finds there is good cause to extend Mule's deadline to respond to Ghost's Discharge Motion.

## V. CONCLUSION

In sum, based on the Court's inherent authority to manage its own docket the Court will DENY the Motion to Expedite, HOLD IN ABEYANCE the Funds Motion pending the determination by the Court on the Discharge Motion, and GRANT the Extension Motion.

## VI. ORDER

**IT IS HEREBY ORDERED:**

1. Defendants' Ex Parte Motion to Shorten Briefing Schedule on Motion to Release Defendants' Funds from Court Registry (Dkt. 58) is **DENIED**.

2. Defendants' Motion to Release Defendants' Funds from Court Registry (Dkt. 59)

---

[2] In response to the Extension Motion, Ghost contends that Mule was notified of its intent to file the Discharge Motion as early as June 30, 2023, and that the meetings between counsel should not have delayed Mule's ability to respond within the deadline. Dkt. 63, at 4. Having notice of a motion is not the same thing as being able to review, research, and respond to a motion, each of which can not only take considerable time, but are also not likely to be undertaken while counsel is under the impression that a response will not be necessary at all due to a stipulated resolution.

will be **HELD IN ABEYANCE** until the Court rules on the Discharge Motion.

3.  Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Discharge Writ of Attachment, for Attorney's Fees, Costs and Additional Sanctions (Dkt. 61) is **GRANTED**. Mule is ordered to respond to the Discharge Motion on or before August 21, 2023.

DATED: August 21, 2023

David C. Nye
Chief U.S. District Court Judge