UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STUBBORN MULE LLC, an Oregon limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>GREY GHOST PRECISION, LLC, an Idaho limited liability company; and GREY GHOST PRECISION, LLC, a Washington limited liability company,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:22-cv-00399-DCN<br><br>**THIRD AMENDED FINAL RULE 54(b) PARTIAL JUDGMENT** |

THIS CAUSE HAVING COME BEFORE THE COURT ON THE on the Stipulation of Plaintiff and Counter-Defendant Stubborn Mule LLC ("Stubborn Mule") and Defendants and Counterclaimants Grey Ghost Precision, LLC, an Idaho limited liability company ("Grey Ghost Precision Idaho") and Grey Ghost Precision, LLC, a Washington limited liability company ("Grey Ghost Precision Washington," and collectively with Grey Ghost Precision Idaho, the "Grey Ghost Precision Entities") (Dkt. 108), and the Court, having determined there is no just reason for delay in the entry of a final judgment and good cause appearing therefore, FINAL PARTIAL JUDGMENT IS HEREBY AWARDED AS FOLLOWS:[1]

---

[1] In the interest of resolving ambiguities present in the prior Final Rule 54(b) Partial Judgments (Dkts. 105, 109, and 120), the Court enters this Third Amended Final Rule 54(b) Partial Judgment.

THIRD AMENDED FINAL RULE 54(b) JUDGMENT - 1

1. <u>Definitions</u>.

 1.1 "Complaint" means Stubborn Mule's First Amended Verified Complaint. Dkt. 99.

 1.2 "Costs" means, with respect to a claim for damages or declaratory judgment asserted in a pleading in this action, the accompanying claims for interest, attorney's fees, expert witness fees, and all other costs and fees.

 1.3 "Counterclaims" means Grey Ghost Precision Entities' First Amended Counterclaims. Dkt. 102.

 1.4 "Grey Ghost's Precision Entities' Undertaking" means the cash bond posted by the Grey Ghost Precision Entities in this action (Dkt. 54), subject to the subsequent return of portion of the bond (Dkt. 98). The amount of the Grey Ghost Precision Entities' Undertaking is $293,199.04.

 1.5 "Non-Resolved Claims" means the First, Seventh and Tenth Causes of Action in the Counterclaims.

 1.6 "Repudiated Goods" means the "Repudiated Goods" as defined in the Complaint. Dkt. No. 99 ¶ 20.

 1.7 "Resolved Claims" means the causes of action asserted as Counts I, II, and III in the Complaint and asserted as the Second, Third, Fourth, Fifth, Sixth, Eighth and Ninth Causes of Action in the Counterclaims.

 1.8 "Stubborn Mule's Undertaking" means the cash bond posted by Stubborn Mule in this action. Dkt. 52. The amount of Stubborn Mule's Undertaking is $100,000.00

THIRD AMENDED FINAL RULE 54(b) JUDGMENT - 2

2. This Amended Judgment supersedes the prior judgments (Dkts. 105, 109, and 120) in their entirety. This Amended Judgment finally resolves those papers filed by the parties at Dkts. 104, 106 and 108.

3. Judgment hereby enters in favor of Stubborn Mule and against the Grey Ghost Precision Entities on the Resolved Claims. Stubborn Mule owns the Repudiated Goods. A money judgment is hereby entered in favor of Stubborn Mule and against the Grey Ghost Precision Entities, jointly and severally, in the amount of $458,963.44 in respect of the (a) Resolved Claims, (b) Costs associated with the Resolved Claims, and (c) Costs incurred by the parties through the date of entry with respect to the Non-Resolved Claims, with the exception of the attorney's fees awarded to Grey Ghost Precision in the Court's February 14, 2024 Memorandum Decision and Order. Dkt. 100.

4. This Amended Judgment is wholly without prejudice to the Non-Resolved Claims; subject, however, to ¶ 3(c) hereof. This Amended Judgment is with prejudice as to the Costs identified in ¶ 3(c) hereof.

5. The Clerk of the Court shall return Stubborn Mule's Undertaking to Stubborn Mule, care of its Idaho counsel. This transfer shall not be credited against Stubborn Mule's money judgment awarded in ¶ 3.

6. The Clerk of the Court shall return $1,000 of the Grey Ghost Precision Entities' Undertaking to the Grey Ghost Entities. The Clerk of Court shall pay the remaining $292,199.04 of the Grey Ghost Precision Entities' Undertaking to Stubborn Mule, care of its Idaho counsel. The transfer to Stubborn Mule shall be credited against Stubborn Mule's money judgment awarded in ¶ 3.

THIRD AMENDED FINAL RULE 54(b) JUDGMENT - 3

7. Stubborn Mule acknowledges that on April 4, 2024, Stubborn Mule's Idaho counsel received $ 166,764.40 from Grey Ghost Precision in partial satisfaction of the money judgment referenced in paragraph 3.

8. Within ten days of full satisfaction of the money judgment awarded to Stubborn Mule in ¶ 3, Stubborn Mule shall deliver the Repudiated Goods to the Grey Ghost Precision Entities at Grey Ghost Precision, LLC, 510 Pine Street, Wallace, ID 83873.

DATED: May 3, 2024

_____
David C. Nye
Chief U.S. District Court Judge